UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DEEB AZAR and KAY AZAR, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:06-cv-0579 AS |
| | ) | |
| MERCK & CO., INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER AND OPINION**

On September 25, 2006, Defendant, Merck & Co. (Merck), filed a motion to stay all proceedings pending a decision by the Judicial Panel on Multidistrict Litigation (MDL Panel) to determine whether this case should be transferred to the United States District Court for the Eastern District of Louisiana as a "tag-along" action in MDL Proceeding No. 1657, In re Vioxx Prods. Liab. Litig., 360 F. Supp. 2d 1352 (J.P.M.L. 2005). For the following reasons, Merck's motion [Doc. No. 6] is **GRANTED**.

**I.    RELEVANT BACKGROUND**

On August 25, 2006, Plaintiffs, Deeb Azar (D. Azar) and Kay Azar (K. Azar) (collectively "the Azars"), filed a complaint that alleged that D. Azar's ingestion of Merck's prescription drug, VIOXX©, caused him numerous physical and mental injuries. On September 25, 2006, Merck filed an answer to the Azars' complaint and submitted a motion to stay all proceedings pending a decision by the MDL Panel determining whether this case should be transferred to the United States District Court for the Eastern District of Louisiana as a "tag-along" action in MDL Proceeding No. 1657, In re Vioxx Prods. Liab. Litig., 360 F. Supp. 2d

1352 (J.P.M.L. 2005). This Court may rule on Plaintiffs' motion pursuant to its referral order and 28 U.S.C. 636(b)(1)(A).

**II.    APPLICABLE LAW**

The authority of a federal court to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North Am. Co., 299 U.S. 248, 254 (1936). In the context of multidistrict litigation, when a party submits a motion to the MDL Panel for transfer and consolidation, a court may exercise its discretion to stay discovery, postpone ruling on pending motions or generally suspend further rulings. See Rivers v. Walt Disney Co., 980 F. Supp. 1358 (C.D. Cal. 1997); Manual for Complex Litig., 4th § 20.131 (2004). When considering a motion to stay in this context, courts consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. See Rivers, 980 F. Supp at 1360. The interest of judicial economy is often best served by staying preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel.[1] Id. at 1362.

**III.    LEGAL ANALYSIS**

This Court has carefully considered Merck's motion and has determined that considerations of judicial economy weigh in favor of granting the requested stay. The factual issues and legal theories advanced in the Azars' complaint, are similar to those asserted in

---

[1] This Court notes that over 600 VIOXX©-related cases have been stayed pending transfer orders from the MDL. See Walker v. Merck, 2005 WL 1565839, *2 (S.D. Ill.).

various VIOXX© products liability actions pending in federal courts nationwide.  The very purpose of multidistrict litigation is to coordinate the pretrial management of actions sharing common facts.  See 28 U.S.C. 1407(a).  For this reason, the MDL panel has ordered that all actions alleging injury from ingestion of VIOXX© should be transferred to one forum.[2]  Thus, the resources of this Court will not be well spent familiarizing itself with a case that it will likely lose jurisdiction over in the near future.  In addition, allowing pretrial proceedings to continue poses a significant risk of duplicative motions and discovery that could result in needless expense and inequity to Merck.  Finally, because the Azars have not responded to Merck's motion to stay, this Court assumes they have no objection and would not be prejudiced in any way as a result of the stay.

Therefore, because this Court has determined that Merck would be unduly prejudiced and unnecessarily  exposed to duplicative litigation and because the Azars would be not be prejudiced, Merck's motion to stay further proceedings pending the MDL Panel's transfer decision  is **GRANTED**.

**IV.    CONCLUSION**

This Court is persuaded that judicial economy warrants a stay of further proceedings pending the MDL Panel's decision whether to transfer this case to the Eastern District of Louisiana.   Consequently, this Court **GRANTS** Merck's motion [Doc. No. 6].

**SO ORDERED.**

Dated this 27th Day of October, 2006.

---

[2]  On February 16, 2005, the MDL Panel ordered that all actions pending in federal district courts alleging personal injury from ingestion of VIOXX© should be transferred to the Eastern District of Louisiana.  See Gaffney v. Merck, 2005 WL 17007772 *1 (W.D. Tenn).

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge